**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **CIVIL ACTION NO. 2:23cv538-MHT (WO)** |
| **IQBAL S. "PETER" SIDHU; et al.,** | ) ) ) | |
| Defendants. | ) | |

**ORDER**

The allegations of the plaintiff's complaint are insufficient to invoke this court's subject-matter jurisdiction. To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam).* The allegations must show that the citizenship of each plaintiff is

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

different from that of each defendant.  *See* 28 U.S.C. § 1332(a).

The plaintiff's complaint fails to meet this standard.  The complaint here is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': defendant Premier Kings of North Alabama, LLC.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The complaint must therefore "list the citizenships of all the members of the limited liability company." *Id*.  If the LLC consists of several entities, the complaint must properly allege the citizenship, or citizenships, of each and every entity based on the nature of that entity.  And if the LLC (or one of its members) has members who are individuals, the complaint must properly allege the citizenship, not merely the

2

residence, of those individuals, as an allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

In addition, the plaintiff has sued defendant Joginder Sidhu in his capacity as the personal representative of the estate of Manraj S. "Patrick" Sidhu.  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent ...."  28 U.S.C. § 1332(c)(2).  Because the complaint sets forth only the citizenship of the personal representative and not that of the decedent, the complaint does not adequately establish grounds for this court to assume jurisdiction of this matter.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until October 3, 2023,

3

to amend the complaint to allege jurisdiction sufficiently; otherwise, this lawsuit shall be dismissed without prejudice.

DONE, this the 19th day of September, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE