IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TRISURA SPECIALTY            )
INSURANCE COMPANY,           )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )     2:23cv538-MHT
                             )         (WO)
ZARIF SIDHU, in his          )
capacity as the Personal     )
Representative of the        )
Estate of Iqbal S. "Peter"   )
Sidhu; et al.,               )
                             )
     Defendants.             )
```

### ORDER

This case is before the court on plaintiff's second unopposed motion for an extension of the deadline under Federal Rule of Civil Procedure 4(m) to serve the complaint. Plaintiff seeks an extension of time to serve defendant Zarif Sidhu, the personal representative of the estate of former defendant Iqbal S. "Peter" Sidhu. For the reasons below, the court will grant the motion.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

Plaintiff filed this case on September 12, 2023. The 90-day limit for service of process expired on or about December 11, 2023. On December 6, 2023, plaintiff filed a motion to extend the deadline for service of process on defendant Iqbal S. "Peter" Sidhu, because plaintiff had recently learned that Sidhu had died in October 2023, and a representative for the estate had not yet been appointed. *See* Motion (Doc. 21). The court granted the motion and extended until March 11, 2024, the time for plaintiff to amend the complaint to substitute the representative as a

2

defendant for the deceased and for plaintiff to serve process on the representative of the estate.  *See* Order (Doc. 23).

On March 4, 2024, plaintiff filed a second amended complaint (Doc. 29), substituting a new defendant, Zarif Sidhu, as the representative of Iqbal Sidhu's estate, for the recently deceased defendant.  The filing of the second amended complaint started a new 90-day period for service of process under Rule 4(m) as to the new defendant.  *See* 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.) ("[A]dding a new party through an amended complaint initiates a new timetable for service upon the added defendant."); *see also Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (same); *Lindley v. City of Birmingham, Ala.*, 452 F. App'x 878, 880 (11th Cir. 2011) (same).  The 90-day period expires on June 3, 2024.

On March 8, plaintiff's counsel filed a status report explaining that on March 5, counsel had sent the

3

summons and second amended complaint via certified mail to defendant Zarif Sidhu, the representative of the estate, and that the complaint was currently in transit. *See* Status Report (Doc. 30) at 2.

On May 28, plaintiff filed the current motion requesting that the court again extend the time for service of defendant Zarif Sidhu. In the motion, plaintiff asserts the following facts. The initial effort in March 2024 to serve Zarif Sidhu failed when the certified mail package was returned undelivered. In April, plaintiff retained a private process server who tried to serve said defendant twice. These efforts were unsuccessful. Plaintiff then retained a skip trace service to locate alternative addresses for Zarif Sidhu, which produced a possible address in California. Plaintiff on May 6 sent a certified mail service packet to said defendant at the possible address, but the certified mail packet has not been claimed as of May

4

28. Plaintiff seeks another 90 days to attempt to serve the new defendant.

Based on these facts showing that plaintiff has tried several methods to serve the new defendant, the court finds good cause to extend the period for service of process another 90 days under Rule 4(m).

                            ***

Accordingly, it is ORDERED that:

(1) Plaintiff's second unopposed motion for an extension of the deadline under Federal Rule of Civil Procedure 4(m) to serve the complaint (Doc. 31) on defendant Zarif Sidhu is granted.

(2) Plaintiff shall have until September 2, 2024, in which to perfect service of process upon defendant Zarif Sidhu.

DONE, this the 24th day of June, 2024.

                    /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE